UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

LEROY WHITLEY,

               Plaintiff,

- against -

P.O. DUDLEY EWALD, MARTA KUKLICK,
LAURA BRONSTEIN, LAUREN HERSH, JILL
OZIEMBLEWSKI, STATE OF NEW YORK,
et. al,

               Defendants.

------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**08 CV 4202 (RRM)(LB)**

**BLOOM, United States Magistrate Judge:**

The instant *pro se* action was referred to me for all pretrial purposes. Plaintiff filed this action while he was incarcerated at Rikers Island. The action was stayed pending resolution of criminal charges against plaintiff. Plaintiff is now no longer incarcerated in city or state custody. A copy of the Court's Order directing plaintiff to contact the Court with his current address has been returned to the Court. Plaintiff has not provided the Court with his current address and the Court has no address for plaintiff other than Rikers Island. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed without prejudice.

## BACKGROUND

Plaintiff originally filed this *pro se* action on October 9, 2008. Docket entry 1. Plaintiff alleges false arrest and malicious prosecution in relation to his arrests on May 1, 2006, May 19, 2006, and December 5, 2007. Docket entry 20 at 4-6. Plaintiff alleges his prosecution was based on false information and invalid orders of protection. Id. On December 2, 2008, the Court stayed the action pending resolution of the District Attorney's appeal of the dismissal of plaintiff's indictment on the May 2006 arrests, and the ongoing criminal case relating to plaintiff's December 5, 2007 arrest. Docket entry 6. On January 10, 2011, the Court ordered plaintiff to report by letter



the status of his criminal appeal by March 3, 2011. On May 5, 2011, defendants' counsel wrote to the Court noting plaintiff's failure to update the Court on the status of his appeal, and that upon information and belief, the appeal had been denied. Docket entry 40 at 1-2.

Defendants' counsel also informed the Court that plaintiff "is no longer incarcerated in City or State custody and the address provided on the Court's civil docket sheet is not plaintiff's current mailing address." Id. at 2. The Court's own search of city and state online databases reflect that plaintiff has been discharged. See docket entry 41. Plaintiff was ordered to contact the Court with his current address by July 21, 2011, or the Court would dismiss the case without prejudice as abandoned. Id. Plaintiff has not contacted the Court and defendants now move to dismiss the case. Docket entry 43.[1]

## DISCUSSION

When a party changes addresses, it is his or her obligation to notify the Court of the new address. See Concepcion v. Ross, No. CV-92-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997). This rule applies not only to represented parties but also to *pro se* litigants. See id.; see also Handlin v. Garvey, No. 91 Civ. 6777 (AGS), 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all *pro se* plaintiffs"). When a *pro se* litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, a court may deny that litigant relief. See, e.g., Dong v. United States, No. 02 Civ. 7751 (SAS), 2004 WL 385117, at *3

---

[1] The Court does not dismiss under Rule 41(b) of the Federal Rules of Civil Procedure as urged in defendants' motion. Motions to dismiss for failure to prosecute require the Court to consider five factors as set forth in LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). Here, the case is dismissed without prejudice as the Court has no address for plaintiff.

(S.D.N.Y. March 2, 2004) (dismissing a *pro se* litigant's action because the litigant failed to inform the court of his current address, causing the court to lose contact with him).

Plaintiff last contacted the Court on December 30, 2010. The Court's most recent Order was sent to plaintiff at the only address he provided; it was returned as undeliverable. See docket entry 42. The Court has no address for plaintiff and no way to contact him. It would be futile to enter any further order as plaintiff has apparently abandoned the action. I therefore recommend that plaintiff's action should be dismissed without prejudice as abandoned.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's complaint should be dismissed without prejudice and this case should be closed.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

LOIS BLOOM
United States Magistrate Judge

Dated: August 3, 2011
Brooklyn, New York

3