UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LEROY WHITLEY,

               Plaintiff,

      - against -

P.O. DUDLEY EWALD, MARTA KUKLICK,
LAURA BRONSTEIN, LAUREN HERSH, JILL
OZIEMBLEWSKY, STATE OF NEW YORK, et
al.,

               Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
08-CV-4202 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

      On October 9, 2008, plaintiff *pro se* Leroy Whitley, then incarcerated at the Anna M.

Kross Center jail on Rikers Island, commenced this action for monetary relief for false arrest and

related claims pursuant to 42 U.S.C. § 1983.[1]  (Compl. (Doc. No. 1) at ¶¶ III–V.)

      By letter dated May 5, 2011, Shlomit Aroubas, Assistant Corporation Counsel for the

City of New York, informed the Court, first, that plaintiff's underlying criminal conviction was

affirmed on appeal in state court,[2] and, second, that plaintiff no longer resided at the address he

provided.  (Doc. No. 40.)  By Order dated June 22, 2011, United States Magistrate Judge Lois

Bloom directed plaintiff to provide his current address by July 21, 2011, or suffer dismissal of

this action without prejudice.  (Doc. No. 41.)  That Order was returned as undeliverable under

cover bearing the notation, "Inmate no longer in system."  (Doc. No. 42.)  Plaintiff failed to

respond to Judge Bloom's Order, or otherwise contact the Court with his current address.

      On August 3, 2011, Judge Bloom issued a Report and Recommendation (the "R&R")

(Doc. No. 44) recommending that the Court dismiss plaintiff's claim without prejudice for

---

[1] The Court granted plaintiff's request to proceed *in forma pauperis* on October 9, 2009.  (Doc. No. 3.)
[2] *People v. Whitley*, 922 N.Y.S.2d 446, 447 (App. Div. 2d Dep't 2011)

failure to comply with his obligation to apprise the Court of his new address, citing, *inter alia*, *Concepcion v. Ross*, No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997).  Judge Bloom reminded the parties that, pursuant to Rule 72(b), any objection to the R&R was due within 14 days of service of the R&R.  As noted in the Court's docket entry of August 4, 2011, the Clerk of Court mailed a copy of the R&R to plaintiff *pro se*.    No party has filed any objection to the R&R.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety.  *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, this action is dismissed.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is directed to enter judgment according to this Order, mail a copy of the judgment and this Order to plaintiff at the only available address on the docket, and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
   November 2, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge